UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------
ALEXANDER WILLIAMS JR
                 PLAINTIFF(S)

  -AGAINST-

NEW YORK STATE ET AT.,
                 DEFENDANT(S)
------------------------------------

REQUEST FOR A TEMPORARY
RESTRAINING ORDER &
PRELIMINARY INJUNCTIONS

24-CV-4285(PMH)

> Defendants are directed to respond to Plaintiff's March 18, 2025 "request for a temporary restraining order and preliminary injunction[]" (Doc. 48) by March 26, 2025.
>
> SO ORDERED.
>
> /s/ Philip M. Halpern
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>        March 19, 2025

PLAINTIFF, now moves this court pursuant to F.R.C.P. (65)(a) for a Temporary Restraining Order and Preliminary Injunctions for the issues set forth in this motion.

The Defendants are acting in a very "atypical" situation along with many inmates here that is causing a wild cat illegal protest that

APPLICABLE LAW:

To determine whether a temporary retraining order (TRO) should be granted the Court looks for four factors: (1) whether the stay applicant has made a strong showing that he is likely to suceed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantaily inure the other parties interested in the proceedings; and (4) where the public interest lies.

Since feb 22, 2025 the plaintiff s and others alike have been in lockdown like status, without access to the free world, the facility law library, notary public, and at time wifi on tablet has been interupted for hours at a time.



RECEIVED MAR 18 2025 PRO SE OFFICE

This has been due to an illegal wild cat strike by thousands of correctional officers who are employed by the Defendant STATE , in the current case. The Defendant STATE has stated to the mass public as of March 10, 2025 that the strike is over and that all facilities are back to normal operations.

Without litigating a violations that is not mentioned in the present complaint, the plaintiff attest that the current lockdown like status is tied directly to the same type of Due Process violation mentioned herein, as well as present the exact type of "ATYPICAL" situation needed for This Court to step in.

The stoppage of allowing the Plaintiff anmd others alike to access the facility law library will have a direct affect on how the Plaintiff continues to litigate and prosecute this case, and serveral others in which he is trhe movant Pro-Se in. Not to mention that the Plaintiff was alos in tyhe middle of mastering a 440 motion that is needed to be submitted to Kings County Supreme Court prior to the appellate advocates submiting his appeal brief to the Second Department.

The submission of the 440 motion will allow the Plaintiff to place on the records matters that were not placed on the record priopr which I am certain that this court totaly understands the important of such. The defendants STATE is currently in posession of Audio recordings that were sent to the facility from the NY County Special Narcatics DA Office that the Plaintiff has not been allowed to have access to which is crucial to addressing a Molinuex issue that is core to his 440 motion. The Plaintiff is currently unable to access this audio because the facility law library is closed and that is currently DOCCS procedurss to allowing prisoners to listen to such evidence.

Furthermore the plaintiff has grievend this matter and was informed by the grievance sgt and officer that the matter is ungrievable since the audiop is actually in DOCCS possesion.

Therefore the denial of access to the facility law library will surely have an adverse affect on the plaintiff in this case and others. This in itself supports that the plaintiff will be irreparably harm by the continued denial of access to the law library and also satifies the first two prongs needed when applying for a TRO.

The issuance of the TRO should not and could not be seen as being harmful to the defendants whereas the Plaintiff has a right to this access to the facility law library, a right to not be placed in SHU like condictions without the usgae of Due Process and being allowed to present evidence in favor of his position, has a right to see his family especially in light of the fact that he was restricted by a Court order from doing just such for five and have years prior to being teansfered to NYS DOCCS From March 2018 to September 2023, and it was discovered that such had a mental adverse affect on the plaintiff.

Furthermore the Court must reject any/all arguemnts that the Defendants will be harm by such wehereas the defendant(s) themselves by way of their agents and servant are the proximate cuase of the reason the plaintiff is expericing the condictions mentioned herein this TRO by participating in an illegal protest that is actually in violation of New York State Taylor Law.

Lastly to satfiy the fouth prong needed,it is clear by the State wide protesting in favor of the Plaintiff and others alike that the public interest is in favor of the plaintiff's position.

It is clearly in the interest of the mass public in the free world and in the interest in the mass public of incarcerated individuals locked up in new york state prison system to be able to (1) have unrestricted access to their respective facility Law Library; (2) have unrestricted access to visitation; (3) not be placed in shu like condictions without due process; (4) be afforded recreation daily, just as it was prior to the ileegal protest by correctional officers, that was in violation of New York State Taylor Law.

The Defendant STATE and Governor Kathy Hochul as implemnented national gaurds to full the staff shortage and gappage. Therefore in light of such there is no excuse that the defendants can arguem legally as to why the plaintiff and others alike are not restored to the exact same status prior to the ilegal lcokdown.

WHEREFORE, the Plaintiff respectfully request that his TRO be granted in his favor.

Dated: March 12, 2025
Ossining NY 10562

Respectfully Submitted
Alexander Williams Jr