UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXANDER WILLIAMS, JR.,

            Plaintiff,

-against-

VITO G. MARSICO, et al.,

            Defendants.

**ORDER**

24-CV-04285 (PMH)

PHILIP M. HALPERN, United States District Judge:

      Alexander Williams, Jr. ("Plaintiff"), proceeding *pro se*, commenced this action on May 31, 2024, against the State of New York, the New York State Department of Corrections and Community Supervision ("DOCCS"), the City of New York, Monifa Jack, Pasko Delovic, Timothy Maid, Vito Marsico, and Bermann Joseph, alleging violations of his constitutional rights at Sing Sing Correctional Facility ("Sing Sing"). (Doc. 1). On July 29, 2024, the Court, among other things, (1) dismissed the State of New York and DOCCS as defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii); and (2) severed Plaintiff's claims against the City of New York pursuant to Federal Rule of Civil Procedure 21. (Doc. 9 at 3-4). Accordingly, only the individuals Monifa Jack, Pasko Delovic, Timothy Maid, Vito Marsico, and Bermann Joseph (together, "Defendants") remained as defendants in this action.

      On January 6, 2025, the Court granted Defendants leave to move to dismiss the Complaint. (Doc. 36). Defendants filed their motion to dismiss on February 5, 2025. (Docs. 39-41). On February 25, 2025, the Court, in accordance with Plaintiff's request, construed Plaintiff's pre-motion letter (Doc. 37) as his opposition to the pending motion to dismiss. (Doc. 43). Defendants filed their reply on March 12, 2025. (Doc. 46). Defendants' motion to dismiss is thus *sub judice*. There are no pending Court deadlines.

1

On March 18, 2025, Plaintiff filed a motion for a temporary retaining order and preliminary injunction. (Doc. 48, "Mot."). Plaintiff, in his motion, seeks an injunction directing the "new york state prison system" to allow inmates to "(1) have unrestricted access to their respective facility Law Library; (2) have unrestricted access to visitation; (3) not be placed in shu like condictions [sic] without due process; [and] (4) be afforded recreation daily[.]" (*Id.* at 4). On March 26, 2025, Defendants filed their opposition. (Doc. 51, "Opp.").

For the reasons set forth below, the motion is DENIED.

## ANALYSIS

"It is well established that in this Circuit the standard for an entry of a [temporary restraining order] is the same as for a preliminary injunction." *Basank v. Decker*, 449 F. Supp. 3d 205, 210 (S.D.N.Y. 2020) (quoting *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008)). "A preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007). A party seeking a preliminary injunction, in the Second Circuit, generally must establish: (1) the likelihood of irreparable injury in the absence of an order or injunction; (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation, plus a balance of hardships tipping decidedly in the movant's favor; and (3) that a preliminary injunction is in the public interest. *New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 650 (2d Cir. 2015); *see also Int'l Bus. Machs. Corp. v. De Freitas Lima*, No. 20-CV-04573, 2020 WL 5261336, at *5 (S.D.N.Y. Sept. 3, 2020), *aff'd sub nom. Int'l Bus. Machs. Corp. v. Lima*, 833 F. App'x 911 (2d Cir. 2021)). Moreover, when, like here, the movant seeks "a mandatory preliminary injunction that alters the status quo by commanding some positive act," the burden "is even higher." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011). "A showing of irreparable

harm is 'the single most important prerequisite for the issuance of a preliminary injunction.'" *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (quoting *Rodriguez v. DeBuono,* 175 F.3d 227, 234 (2d Cir.1999)).

Plaintiff's motion centers around what he characterizes as a "strike by thousands of correctional officers" at Sing Sing. (Mot. at 2). This strike, according to Plaintiff, has thrust Sing Sing into a "lockdown like status," depriving inmates of access to the facility's law library. (*Id.* at 1, 3). Defendants respond that this alleged harm is not "irreparable." (Opp. at 2). Defendants also argue, among other things, that the Court lacks jurisdiction over, and thus the power to direct, DOCCS and the State of New York. (*Id.* at 1). The Court agrees that Plaintiff has failed to meet his burden.

   I.   Irreparable Harm

Plaintiff maintains that he will suffer irreparable harm absent Court intervention because the denial of access to the law library will "direct[ly] affect" his ability to "continue[] to litigate and prosecute this case," as well as a separate state action. (Mot. at 2-3). "To satisfy the irreparable harm requirement, [the movant] must demonstrate that absent a preliminary injunction they will suffer 'an injury that is neither remote nor speculative, but actual and imminent,' and one that cannot be remedied 'if a court waits until the end of trial to resolve the harm.'" *Grand River Enter. Six Nations, Ltd.*, 481 F.3d at 66.

Here, Plaintiff fails to articulate how his alleged injury is irreparable. As noted *supra*, Defendants' motion to dismiss is *sub judice*, there are no current Court deadlines in this matter, and Plaintiff has not identified any pending court deadline in his state action. Plaintiff therefore "has failed to demonstrate any 'actual and imminent' harm from the alleged denial of access to the law library." *Bonie v. Annucci*, No. 20-CV-00640, 2020 WL 2489063, at *4 (S.D.N.Y. May 14,

2020) (plaintiff's allegation that he was "denied [] access to the law library" failed to demonstrate irreparable harm where "there are no pending motions in this Action, and no briefing schedule has been set"); *see also id.* (collecting cases from this Circuit in which a court held that an alleged denial of access to the law library did not satisfy a movant's burden of showing irreparable harm).

II.     Likelihood of Success on the Merits

Plaintiff also fails to demonstrate a likelihood of success on the merits. Plaintiff seeks an injunction directing affirmative action by the "new york state prison system." (Mot. at 4). As noted *supra*, however, the Court dismissed Plaintiff's claims against DOCCS and the State of New York. (Doc. 9). Plaintiff has not named as a defendant any state official with the authority to direct the "new york state prison system." The Court therefore lacks jurisdiction to enforce the injunction that Plaintiff seeks here. *See Mitchell v. Cuomo*, No. 17-CV-08920, 2017 WL 8780773, at *6 (N.D.N.Y. Dec. 6, 2017) ("To the extent that Plaintiff seeks injunctive relief against DOCCS or any persons who are not parties to this in this action (i.e., non-defendants), the Court lacks subject matter jurisdiction to enjoin their actions. (collecting cases)); *see also Doctor's Assocs., Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 303 (2d Cir. 1999) ("We conclude that the district court's injunction was not authorized by Rule 65(d) because the injunction bar[ed] [] nonpart[ies][.]). "As such, [P]laintiff[] cannot claim either a likelihood of success on the merits of this chance or even a fair chance of success on the merits[.]" *Yes I Can Licensed Behav. Analyst PLLC v. Green Tree Cap.*, No. 24-CV-07360, 2024 WL 4800763, at *1 (S.D.N.Y. Oct. 9, 2024) (holding that the plaintiff failed to establish a likelihood of success on the merits because "it overwhelmingly appear[ed] that the Court lack[ed] subject matter jurisdiction over the action").

4

**CONCLUSION**

For the foregoing reasons, Plaintiff's application for a temporary restraining order and preliminary injunction is DENIED.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of the Court is respectfully directed to mail a copy of this Order to Plaintiff.

SO ORDERED:

Dated: White Plains, New York
       March 28, 2025

_____
Philip M. Halpern
United States District Judge