UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXANDER WILLIAMS, JR.,

               Plaintiff,

-against-

NEW YORK STATE, et al.,

               Defendants.

**OPINION & ORDER**

24-CV-04285 (PMH)

PHILIP M. HALPERN, United States District Judge:

Alexander Williams, Jr. ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, commenced this action in May 2024 against Pasko Delovic, Timothy Maid, Joseph Bermann, Vito Marsico, and Monifa Jack ("Defendants"). (Doc. 1, "Compl."). Plaintiff presses the following claims for relief: (1) excessive force; (2) deliberate indifference to medical needs; (3) violation of free speech; (4) retaliation "in reference to freedom of speech"; (5) failure to intervene; (6) failure to supervise; (7) failure to train, retention, and hiring; (8) abuse of power, authority, and process; (9) denial of due process; (10) negligence; (11) *respondeat superior*; and (12) municipal liability. (*See generally id.*).[1]

Pending before the Court is Defendants' partial motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 39; Doc. 40, "Def. Br."; Doc. 41).[2]

---

[1] Plaintiff also named the State of New York, the New York State Department of Corrections and Community Supervision ("DOCCS"), and the City of New York as defendants in the Complaint. However, on July 29, 2024, the Court, *sua sponte*, dismissed the State of New York and DOCCS as defendants under 28 U.S.C. § 1915(e)(2)(B)(iii); and severed Plaintiff's claims against the City of New York under Federal Rule of Civil Procedure 21. (Doc. 9 at 3-5). As pled, the State of New York and DOCCS were the only named defendants for Plaintiff's seventh claim for relief; and the State of New York, DOCCS, and the City of New York were the only named defendants for Plaintiff's twelfth claim for relief. Those claims will be formally dismissed herein.

[2] Local Civil Rule 7.1(a)(1) provides that "[a] notice of motion . . . must specify the applicable rules or statutes pursuant to which the motion is brought[.]" Defendants move to dismiss because, among other reasons, Plaintiff's official capacity claims "are barred by the Eleventh Amendment," and Plaintiff's

The Court, in accordance with Plaintiff's request (Doc. 42), construed Plaintiff's pre-motion letter as his opposition to Defendants' motion. (Doc. 37, "Opp."),[3] and the motion was fully submitted with the filing of the reply (Doc. 46, "Reply").

For the reasons set forth below, the partial motion to dismiss is GRANTED.

## BACKGROUND

Plaintiff was an inmate at Sing Sing Correctional Facility in 2024. (Compl. ¶ 16). Plaintiff, in February of that year, witnessed an "incident" between two other prisoners while Defendant Jack escorted him to his housing block. (*Id.* ¶¶ 16-17). This incident drew Defendants Delovic, Marsico, and Maid to the scene. (*Id.* ¶ 18). Despite Defendant Jack informing these other correctional officers that Plaintiff "was not one of the prisoners involved," they strip searched him. (*Id.* ¶¶ 18-19).

Plaintiff, in response, informed the officers that the search "was against DOC[CS] rules and regulations." (*Id.* ¶ 20). Plaintiff alleges that Defendant Delovic then referenced a book

---

negligence claim is barred by operation of New York Correction Law § 24. (Def. Br. at 14-15, 17). Although both arguments go to the Court's subject matter, *see Bergrin v. United States*, No. 19-CV-09681, 2022 WL 912280, at *13 (S.D.N.Y. Mar. 28, 2022); *Davis v. McCready*, 283 F. Supp. 3d 108, 124 (S.D.N.Y. 2017), Defendants move only under Rule 12(b)(6) (Doc. 39). "While failure to comply with the Local Rules is, on its own, a sufficient ground to warrant denial of a motion, the Court has discretion to overlook a failure to comply with Local Rule 7.1[.]" *Delux Pub. Charter, LLC v. Cnty. of Westchester, New York*, No. 22-CV-01930, 2024 WL 3252948, at *12 n.11 (S.D.N.Y. July 1, 2024). The Court does so here and construes Defendants' motion as also seeking dismissal under Rule 12(b)(1). Defendants' supporting memorandum of law, filed the same day as their motion, explicitly argues that Plaintiff's official-capacity claims are barred by the Eleventh Amendment, and Plaintiff's negligence claim is barred by Section 24. (Def. Br. at 14-15, 17). Plaintiff therefore cannot credibly claim that he lacked notice of these arguments. *See Brown v. New York City Dep't of Educ.*, 755 F.3d 154, 160 (2d Cir. 2014). In any case, as both arguments go to the Court's subject matter, the Court may raise and consider them *sua sponte*. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[C]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists.").

[3] Given the liberality afforded *pro se* litigants, it is appropriate to consider new allegations in a *pro se* plaintiff's opposition to a motion to dismiss where they are consistent with the allegations contained in the pleading. *See Vail v. City of New York*, 68 F. Supp. 3d 412, 427 (S.D.N.Y. 2014). Accordingly, the Court considers on this motion the additional allegations relevant to this motion in Plaintiff's opposition.

Plaintiff wrote about Rikers Island prison, Defendant Maid "grabbed [] [him] by his throat area and began lifting" him off the ground, and Defendant Delovic sprayed a "short burst" of a chemical agent from his spray bottle into Plaintiff's mouth. (*Id.* ¶¶ 21-22). Defendant Joseph witnessed Defendants Maid and Delovic's acts towards Plaintiff. (*Id.* ¶¶ 20-22). Shortly thereafter, Plaintiff was again strip searched. (*Id.* ¶ 24). During this time, Defendants Delovic, Maid, Joseph, and Marsico also allegedly "ignored" Plaintiff's requests for "medical attention." (*Id.*).

## STANDARD OF REVIEW

### I. Rule 12(b)(1) Standard

"Federal courts are courts of limited jurisdiction, and Rule 12(b)(1) requires dismissal of an action when the district court lacks the statutory or constitutional power to adjudicate it." *Schwartz v. Hitrons Sols., Inc.*, 397 F. Supp. 3d 357, 364 (S.D.N.Y. 2019).[4] "Where, as here, the defendant moves for dismissal under Rule 12(b)(1), [] as well as on other grounds, the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." *Saint-Amour v. Richmond Org., Inc.*, 388 F. Supp. 3d 277, 286 (S.D.N.Y. 2019) (quoting *United States v. New York City Dep't of Hous., Pres. & Dev.*, No. 09-CV-06547, 2012 WL 4017338, at *3 (S.D.N.Y. Sept. 10, 2012)).

### II. Rule 12(b)(6) Standard

On a Rule 12(b)(6) motion, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

---

[4] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the ple[d] factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* The factual allegations pled "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the court must "take all well-ple[d] factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff[]." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). The presumption of truth, however, "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678 (alteration in original)). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

A complaint submitted by a *pro se* plaintiff, "however inartfully ple[d], must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (internal quotation marks omitted)). Because *pro se* plaintiffs "'are often unfamiliar with the formalities of pleading requirements,' courts must apply a more flexible standard in determining the sufficiency of a *pro se* [complaint] than they would in reviewing a pleading submitted by counsel.'" *Smith v. U.S. Dep't of Just.*, 218 F. Supp. 2d 357 (W.D.N.Y. 2002) (quoting *Platsky v. Cent. Intelligence Agency*, 953

F.2d 26, 28 (2d Cir. 1991)). While "[p]*ro se* complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal* . . . dismissal of a *pro se* complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." *Thomas v. Westchester Cnty.*, No. 12-CV-06718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013) (internal citations omitted); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("Even in a *pro se* case . . . although a court must accept as true all of the allegations . . . in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (internal quotation marks omitted)).

Therefore, while the Court must "draw the most favorable inferences that [a plaintiff's] complaint supports, [it] cannot invent factual allegations that [a plaintiff] has not pled." *Chappius*, 618 F.3d at 170. The Court also has a duty to interpret "the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

## ANALYSIS

The Court, giving Plaintiff's *pro se* Complaint all favorable inferences, construes the operative pleading as pressing claims under both federal and New York state law. *See Williams v. City of New York*, No. 23-CV-02700, 2024 WL 3967307, at *4 (S.D.N.Y. Aug. 28, 2024). Defendants argue (1) that Plaintiff's official-capacity claims are barred by the Eleventh Amendment; and (2) that Plaintiff's fourth, sixth, eighth, ninth, tenth, and eleventh claims for relief must be dismissed as a matter of law. (Def. Br. at 10-16).[5]

---

[5] Citations to specific pages of filings on the docket correspond to the pagination generated by ECF.

I. <u>Official Capacity Claims</u>

Plaintiff asserts that his claims are against all Defendants both in their "individual and official capacities." (Compl. at 1). Insofar as Plaintiff intends to press claims against Defendants in their official capacities, those claims must be dismissed by operation of the Eleventh Amendment.

The Eleventh Amendment directs that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. This language bars suits, even those arising under federal law, against a state, or against a state employee acting in his or her official capacity, by one of its own citizens. *Woods v. Rondout Valley Centr. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006) (citing *Hans v. Louisiana*, 134 U.S. 1, 15 (1890)); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("A suit against a state official in his or her official capacity is not a suit against the official, but rather is a suit against the official's office. . . . As such, it is no different from a suit against the State itself.").

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity when acting pursuant to its authority under Section 5 of the Fourteenth Amendment." *Nelkenbaum v. Jordy*, No. 19-CV-07953, 2020 WL 7630354, at *2 (S.D.N.Y. Dec. 22, 2020) (quoting *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (alteration in original)). To that point, it is well-settled that "New York has not waived its sovereign immunity in § 1983 lawsuits, nor has Congress abrogated the State's immunity." *Phillips v. New York*, No.

13-CV-00927, 2013 WL 5703629, at *3 (N.D.N.Y. Oct. 17, 2013) (citing *Vincent v. Yelich*, 718 F.3d 157, 177 (2d Cir. 2013)); *see also Keitt v. New York City*, 882 F. Supp. 2d 412, 424 (S.D.N.Y. 2011) ("Magistrate Judge Freeman properly concluded that Keitt's Section 1983, 1985, and 1986 claims against the State of New York and its agencies are barred by the [Eleventh] Amendment.").

Because the Eleventh Amendment deprives this Court of subject-matter jurisdiction and neither exception applies, Plaintiff's claims for relief are dismissed under Rule 12(b)(1) to the extent they seek relief against Defendants in their official capacities. This result does not affect the claims against Defendants in their individual capacities. The Court therefore considers Defendants' arguments for dismissal of those claims for relief under Rule 12(b)(6).

II. Federal Claims for Relief

Plaintiff's fourth (First Amendment retaliation), eighth (abuse of authority, power, and process), and ninth (due process violations) claims are bought under 42 U.S.C. § 1983.[6]

A. Fourth Claim for Relief: First Amendment Retaliation

Defendants argue that Plaintiff's fourth claim "is identical to his third claim" and thus should be dismissed as duplicative. (Def. Br. at 10). "A court may dismiss a claim as duplicative if relying on the same alleged acts, the claim simply seeks the same damages or other relief already claimed in a companion cause of action." *Robinson v. De Niro*, No. 19-CV-09156, 2021 WL 2887702, at *3 (S.D.N.Y. July 9, 2021) (quoting *Supreme Showroom, Inc. v. Branded Apparel*

---

[6] Plaintiff, in his fourth claim, asserts that his "Freedom of Speech rights" are "guaranteed under both the Federal and State Constitution." (Compl. ¶ 38). However, "[d]istrict courts in this Circuit maintain the 'common view' that 'there is no right of action under the New York State Constitution for claims that can be brought under § 1983.'" *Hamilton v. Martucello*, No. 24-CV-06500, 2025 WL 713032, at *9 (W.D.N.Y. Mar. 5, 2025) (quoting *Gounden v. City of New York*, No. 14-CV-07411, 2015 WL 5793625, at *5 n.3 (E.D.N.Y. Oct. 2, 2015)). Here, Plaintiff could have brought—and indeed, brings—his constitutional claims under Section 1983. Thus, to the extent that the Complaint can be construed as asserting any state constitutional claims, such claims are dismissed *sua sponte* by operation of 28 U.S.C. § 1915(e)(2)(B), which provides that the Court "shall dismiss the case at any time if the court determines that the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

7

*Grp. LLC*, No. 16-CV-05211, 2018 WL 3148357, at *12 n.14 (S.D.N.Y. June 27, 2018), and citing *NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 175 (2d Cir. 2008)).

The Court cannot discern any material difference between Plaintiff's third and fourth claims for relief. Both allege violations of Plaintiff's "Freedom of Speech rights" and seek the same relief. (*Compare* Compl. ¶ 35, *with id.* ¶ 38). Both name Defendants Marsico, Jack, Joseph, Maid, and Delovic. (*Compare id.* ¶ 36, *with id.* ¶ 39). And both allege that Defendants' improper "action[s] were directly in response to [] [P]laintiff['s] book about jail and correctional officers." (*Compare id.* ¶ 35, *with id.* ¶ 38). Indeed, although Plaintiff titles his third claim as "Violation of [his] Freedom of Speech," the Court "is uncertain how it can analyze [this] claim as anything but a First Amendment retaliation claim." *Sexton v. Faris*, No. 22-CV-01927, 2023 WL 5671492, at *8 (D. Colo. Sept. 1, 2023) (dismissing a duplicative First Amendment claim). To that end, the violation of Plaintiff's freedom of speech in his third claim is the alleged acts of retaliation in response to his First Amendment activity of writing a book "about jail and correctional officers." (Compl. ¶ 38).

Plaintiff's arguments to the contrary do not change the result here. Specifically, Plaintiff argues that his third and fourth claims are not duplicative because one of them should be construed as alleging "a violation of Equal Protection right[s] pertaining to [] [P]laintiff's First Amendment Rights." (Opp. at 1). But courts in this Circuit routinely dismiss "equal-protection claim[s] as duplicative" where they "merely restate[] a First Amendment retaliation claim." *Loc. 3599, NYC Dep't of Env't Prot. Tech. Pro. Emps. v. City of New York*, No. 23-CV-01035, 2024 WL 966077, at *12 (S.D.N.Y. Mar. 6, 2024); *see also Whitehead v. City of New York*, 953 F. Supp. 2d 367, 377 (E.D.N.Y. 2012) ("[T]o the extent that plaintiff also may be attempting to assert an equal protection

claim based upon retaliation for First Amendment . . . , such a claim is completely duplicative of the First Amendment retaliation claim[.]").

Accordingly, Plaintiff's fourth claim for relief is dismissed as duplicative.

### B. Eighth Claim for Relief: Abuse of Power, Authority, and Process

Defendants argue that an abuse of authority, power, or process claim is not cognizable under Section 1983. (Def. Br. at 12). Plaintiff does not contest Defendants' argument, "conc[eding] to the dismissal" of this claim. (Opp. at 2). Accordingly, Plaintiff's eighth claim for relief is dismissed.

### C. Ninth Claim for Relief: Violation of Plaintiff's Due Process Rights

Liberally construed, Plaintiff pleads both a procedural and substantive due process claim. "[T]o present a [procedural] due process claim, a plaintiff must establish (1) that he possessed a liberty interest and (2) that the defendant(s) deprived him of that interest as a result of insufficient process." *Joseph v. Cuomo*, No. 20-CV-03957, 2021 WL 200984, at *6 (E.D.N.Y. Jan. 20, 2021) (quoting *Adams v. Annucci*, No. 17-CV-03794, 2018 WL 4608216, at *6 (S.D.N.Y. Sept. 25, 2018) (alterations in original)); *see also Velazquez v. Gerbing*, No. 18-CV-08800, 2020 WL 777907, at *9 (S.D.N.Y. Feb. 18, 2020). "To state a substantive due process claim, a plaintiff must allege facts suggesting (1) a deprivation of a protected interest, (2) that the government action was arbitrary and irrational, and (3) that the action was so egregious it shocks the conscience." *Sullivan v. Banks*, No. 24-CV-03251, 2024 WL 4476112, at *3 (S.D.N.Y. Oct. 8, 2024) (citing *Southerland v. City of N.Y.*, 680 F.3d 127, 142 (2d Cir. 2011)).

Plaintiff advances three grounds for the alleged deprivation of due process: (1) Defendants denied him medical care "without the pro[p]er refusal procedure," (2) Defendants strip searched him in violation of the "laws and policies of NYS Prison[s]," and (3) Defendants used excessive

force in violation of proper procedure. (Opp. at 2; *see also* Compl. ¶ 54). In other words, Plaintiff's due process claim is predicated upon Defendants' failure to follow state law concerning prison procedures and/or DOCCS's regulations. Defendants argue, as to Plaintiff's procedural due process theory, that allegations about a failure to follow prison procedure are insufficient to state a Section 1983 claim. (Def. Br. at 13; Reply at 9). The Court agrees. "[T]here is no federal constitutional liberty interest in having . . . prison officials follow prison regulations." *Holland v. City of New York*, 197 F. Supp. 3d 529, 548 (S.D.N.Y. 2016) (second alteration in the original and quoting *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003)). Indeed, "[i]t is well settled that a § 1983 claim brought in federal court is not the appropriate forum to urge violations of prison regulations or state law." *Id.* (collecting cases).

Plaintiff's substantive due process claim also fails. In particular, his due process claim is predicated on the same allegations as his Eighth Amendment excessive force and deliberate indifference to medical needs claims. It is therefore "merely duplicative of h[is] other claims that are explicitly protected under other constitutional sources" and must be dismissed. *Cabello-Setlle v. Cnty. of Sullivan*, No. 21-CV-07477, 2022 WL 4387637, at *11 (S.D.N.Y. Sept. 22, 2022) (collecting cases); *see also Raynor v. Maldonado*, No. 24-CV-01221, 2024 WL 4533748, at *6 (D. Conn. Oct. 21, 2024) (dismissing the plaintiffs' substantive due process claim as duplicative of their Eighth Amendment excessive force claim); *Murrell v. Wolcott*, No. 22-CV-06019, 2023 WL 12052535, at *7 (W.D.N.Y. Feb. 13, 2023) (dismissing the plaintiff's substantive due process claim as duplicative of his Eighth Amendment deliberate indifference claim).

Accordingly, Plaintiff's ninth claim for relief is dismissed.[7]

---

[7] Given the Court's rulings herein, the Court need not and does not address the Defendants' qualified immunity argument about Plaintiff's ninth claim for relief. (Def. Br. at 15-16).

III.   State Law Claims for Relief

The Court construes Plaintiff's sixth (failure to supervise), tenth (negligence), and eleventh (*respondeat superior*) claims as being brought under New York state law.[8] Defendants argue that Plaintiff's negligence claim must be dismissed for want of subject-matter jurisdiction pursuant to New York Correction Law § 24 ("Section 24"). (Def. Br. at 14-15). Although Defendants only advance their Section 24 argument for Plaintiff's negligence claim, the Court, *sua sponte*, considers whether this statute bars all of Plaintiff's state-law claims as this question goes to the Court's subject matter, *see Arbaugh*, 546 U.S. at 514, as well as by operation of 28 U.S.C. § 1915(e)(2)(B).

Section 24 provides, in pertinent part:

1. No civil action shall be brought in any court of the state, except by the attorney general on behalf of the state, against any officer or employee of the department, which for purposes of this section shall include members of the state board of parole, in his or her personal capacity, for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties by such officer or employee.

2. Any claim for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties of any officer or employee of the department shall be brought and maintained in the court of claims as a claim against the state.

---

[8] Plaintiff asserts that he has pled "both federal and state claims for negligence." (Opp. at 2). But "§ 1983 claims require proof of '*mens rea* greater than mere negligence.'" *Valentin v. City of Rochester*, 783 F. App'x 97, 99 (2d Cir. 2019) (quoting *Darnell v. Pineiro*, 849 F.3d 17, 36 (2d Cir. 2017)). Accordingly, to the extent that Plaintiff also brings his negligence claim under Section 1983, that claim is dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Likewise, to the extent that Plaintiff's failure to supervise or *respondeat superior* claims can be construed as being asserted under Section 1983, those federal claims are dismissed for a failure to state a claim. *See Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (holding that "there is no special rule for supervisory liability" under Section 1983); *Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*.").

N.Y. Corr. Law §§ 24(1)-(2). "The Second Circuit has held that this provision prevents federal courts from exercising pendent jurisdiction over state law claims appended to federal claims brought pursuant to 42 U.S.C. § 1983." *Sughrim v. New York*, No. 19-CV-07977, 2020 WL 7047697, at *21 (S.D.N.Y. Nov. 30, 2020) (quoting *Hassell v. Fischer*, 96 F. Supp. 3d 370, 385 (S.D.N.Y. 2015)); *see also Davis*, 283 F. Supp. 3d at 124 ("[U]nder Section 24, any tort claim arising under New York law . . . must be dismissed for lack of subject matter jurisdiction."); *Cruz v. New York*, 24 F. Supp. 3d 299, 309 (W.D.N.Y. 2014) ("Plaintiff's state law claims against Defendants . . . are barred because New York Correction Law § 24 shields them from liability for state law claims in both state and federal court."). "The test to determine whether the defendants' actions fall within the scope of their employment is whether the act was done while the servant was doing his master's work no matter how irregularly, or with what disregard of instructions." *Id.* at 310.

Here, Plaintiff alleges that DOCCS "employ[ed]" "Defendants" (Compl. ¶ 8), and nothing in the Complaint suggests that Defendants were acting outside the scope of their employment. To that end, all of the actions alleged in the Complaint "arose as a result of [Defendants] discharging their duties" as DOCCS's employees in responding to the February 2024 incident and its aftermath. *McCray v. Lee*, No. 16-CV-01730, 2021 WL 4392280, at *11 (S.D.N.Y. Sept. 24, 2021) (alteration omitted). Thus, Section 24 bars Plaintiff's state law claims against Defendants. *See Degrafinreid v. Ricks*, 452 F. Supp. 2d 328, 333–34 (S.D.N.Y. 2006) (holding that corrections-officer defendants were acting within the scope of their employment when they "[f]risk[ed]" and used "physical force against" the plaintiff); *Ortiz v. Ledbetter*, No. 19-CV-02493, 2020 WL 2614771, at *9 n.8 (S.D.N.Y. May 22, 2020) (holding that the defendants were "shielded" from "Plaintiff's supervisory liability allegations" under Section 24).

Accordingly, Plaintiff's sixth, tenth, and eleventh claims for relief are dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' partial motion to dismiss is GRANTED. Plaintiff's fourth, sixth, seventh, eighth, ninth, tenth, eleventh, and twelfth claims for relief are dismissed. Plaintiff's first three and fifth claims for relief shall proceed to discovery.

Defendants are directed to file an answer to the Complaint within 14 days of the date of this Order. The Court will separately docket a Notice of Initial Conference.

The Clerk of Court is respectfully requested to: (1) terminate the pending motion (Doc. 39); and (2) mail a copy of this Opinion and Order to Plaintiff.

**SO ORDERED.**

Dated: White Plains, New York
August 26, 2025

_____
PHILIP M. HALPERN
United States District Judge