ALEXANDER WILLIAMS JR 23B3963
SHAWAGNUNK CORRECTIONAL FACILITY
200 QUICK ROAD
WALLKILL, NEW YORK 12589



RE: <u>WILLIAMS V. STATE ET AL, 24-CV-04285(PMH)</u>

PRO SE INTAKE CLERK UNIT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
500 PEARL STREET
NEW YORK NEW YORK 10007

> Application denied to the extent Plaintiff requests the Court appoint him pro bono counsel. The Court previously denied such a request (*see* Doc. 55) and at the conference on October 14, 2025, the Court advised Plaintiff that he should reach out to the Pro Se Intake Unit for assistance with his case. Plaintiff can contact the Pro Se Intake Unit at (212) 805-0175.
>
> The Clerk of Court is respectfully directed to terminate the application pending at Doc. 68.

DEAR PRO SE INTAKE UNIT CLERK:

> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
> October 28, 2025

I am writing your office today SO ORDERED.

District Judge Halpern in a case confere

During this conference Judge H

and request Pro Bono counsel in this cas

The defendant's in the case pr

which was granted. That left me with four remaining claims, (1) Excessive use

of Force; (2) Deliberate Indifference to Medical Needs; (3) Violation of Freedom

of Speech; and (4) Failure to Prevent Intervene/Prevent Harm.

Myself and defense counsel for the Defendants Owen Crowley have engaged

in  possible settelement discussions but have reached an impasse as to what he

called a policiy that if the State setteles on one case that I will have to settle

on  other cases that I have pending  against the State.

With this letter I have enclosed a copy of two settle proposal charts

that I have submitted to defense counsel Owen Crowley.

I am certain that if I am granted Pro-Bono Counsel that the matter can

and will be resolved of in a swift manner. Of in the event that they have to litigate

the cases further that that initial complaints in ever case that I have pending

against New York State.

I am hopeful that I will recieve a favorable response back from your office soon in regards to this request. Thank you for your time and assistance in this matter.

RESPECTFULLY SUBMITTED

ALEXANDER WILLIAMS JR

ALEXANDER WILLIAMS JR 23-B-3963
SHAWANGUNK CORRECTIONAL FACILITY
200 QUICK ROAD
WALLKILL, NEW YORK 12589

RE: WILLAIMS V. STATE ET AL
24-CV-4285(PMH)

OCTOBER 10, 2025

Dear Mr. Crowley:

As we have discussed in or email correspondaces, enclosed is a chart in support of the offer I am making forth in this matter.

In the instant case at bar bearing the case number 24-cv-4285 (PMH), I am making a formal Settlement Offer in the amount of $35,000.00.

Attached to this letter is a a **SETTELEMENT PROPOSAL CHART,** that I have created that exist of cases where others was awarded simular or higher amount than the plaintiff has proposed herein.

In our last communication you expressed to me that New York State has a policy where if the State agrees to settle in one case that the plaintiff must settle in any/all pending civil cases that he has against the State.

I have researched and read one a thousand cases and have been unable to locate any such policy and for this matter I ask that you send me a copy of any case law and/or written legislation and/or policy stating such.

Since we have engaged in numerous communications in regards to settlement, I have requested from the court a "Settlement Mediator" to assist in the settlement discussion. I have learn in prior matter where I litigated myself, that defendants become reluctant to act in a fair manner when the plaintiff is acting Pro Se.

I am hopeful that this matter can and will be concluded soon. In the event that you still take the position of wanting to settle in the matter of **WILLIAMS V. STATE ET AL.** 25-CV-2499. I will enclosed a seperate **SETTLEMENT PROPOSAL CHART** in support of the offer I will make. This chart will include a seperate letter

where I will make a seperate offer.

Please be advise that the instant offer is made in pursuant to the Plaintiff learning from the Audiologist on October 1, 2025 that he has suffered from hearing lost in his left are due to a physical trauma. The only trauma that the Plaintiff experienced prior to the start of this hearing lost was the trauma that the Plaintiff experienced described in the complaint.

RESPECTFULLY SUBMMITTED

ALEXANDER WILLIAMS JR
SHAWANGUNK CORR. FAC.
200 QUICK ROAD
WALLKILL, NEW YORK 12589

CC: DISTRICT JUDGE PHILIP M. HALPERN

WILLIAMS V. STATE   ET AL., 24-CV-04285 (PMH)                    Page 1 of 2

## FORMAL SETTLEMENT PROPOSAL OFFER SHEET

| CASES | AWARDED | COURT |
|-------|---------|-------|
| Hygh v. Jacobs<br>961 F.2d 359<br><br>Excessive Use Of Force | $216,000.00 | U.S. Court<br>Of Appeals |
| Sweeney v. Prisoner Legal<br>Service Of New York et al.<br>197 A.D.2d 189<br><br>Excessive Use Of Force | $35,000.00 | Supreme Court |
| Baldwin v. City of New York<br>290 A.D.2d 465<br><br>Excessive Use Of Force | $250,000.00 | Supreme Court |
| Reynolds v. State Of New York<br>118 A.D.3d 1496<br><br>Excessive Use Of Froce | $475,000.00 | Supreme Court |
| Ryan v. County Of Nassau<br>2018 WL 354684<br><br>Deliberate Indifference<br>To Medical Needs | $370,000.00 | Eastern Dist.<br>NY Federal Ct |
| Townes v. City Of New York<br>2013 WL 153726<br><br>Deliberate Indifference<br>To Medical Needs | $40,001.00 | Eastern Dist.<br>NY Federal Ct |
| Bernier v. Koenigsman<br>2017 WL 603217<br><br>Deliberate Indifference<br>To Medical Needs | $12,000.00 | Western Dist.<br>NY Federal Ct |
| Blissett v. Coughlin<br>66 F.3d 531<br><br>Deliberate Indifference<br>To Medical Needs | $75,000.00 | U.S. Court<br>Of Appeals |

| | | |
|---|---|---|
| Keesee v. Board Of Edu. Of City Of New York 37 Misc.2d 414 | $4,000.00 | Supreme Court |
| Failure To Intervene/ Prevent Harm | | |
| Ekukpe v. Santiago 2020 WL 7027613 | $37,500.00 | Southern Dist. NY Federal Ct |
| Failure To Intervene/ Prevent Harm | | |
| Urena v. City Of New York 1995 WL 133833 | $40,000.00 | Southern Dist. NY Federal Ct |
| Failure To Intervene/ Prevent Harm | | |
| Transportation Alternative v. City Of New York 218 F.Supp2d 423 | $6,000.00 | Southern Dist. NY Federal Ct |
| Violation of First Amendment Right | | |

ALEXANDER WILLIAMS JR 23B3963
SHAWANGUNK CORRECTIONAL FACILITY
200 QUICK ROAD
WALLKILL, NEW YORK 12589

      Re:  <u>WILLIAMS V. STATE ET AL.,</u>
               <u>25-CV-2499(CS)</u>

                                  OCTOBER 10, 2025

Dear Mr. Crowley:

      As stated in the previous letter regarding settling  the above listed case, enclosed I have submitted a formal settlement proposal sheet in support of my asking amount of $75,000.00.

      Be informed that the Othorpeditic Sergon at Mount Vernon Hospital has shceduled me for surgey on both feet and has documented that the matter may have been avoided if it was medically tended to priorly.

      The Defendants has still yet to address the constant hemrroidal pain and bleeding.

      Both which are life changging injuries that will surely alter the plaintiff's life moving forward.

      The Plaintiff has finally been seen by mental health personell who is addressing his diagnoises with mental health counseling and drugs.

      As I am certain that you are already aware of the going rate for incarcerated individuals who are wrongfully confined in their cells without due process or without being issued a misbehavior report in support of such confinement.

      When calculating the amount of days that I was confined to a cell more than 17 hours a day in violation of NYS Halt Act, over 290 days is what I came up with.

Though the complaint in this case has close to Thirty seperate Cause of Actions stated. The plaintiff submits a Settlement Proposal Sheet only displaying a fraction of the Cause Of Actions originally stated as a sign of good faith and a sign of seriousness in wanting to bring about a speedy conclusion.

Like in the first Settlement Proposal Sheet, that Plaintiff also submitted a copy of the enclosed documents to the court and requested a Mediator in settling the matter along with the other case as long as you are stilling signalling the want to do so.

I look forwad to hearing back from you soon.

RESPECTFULLY SUBMITTED

ALEXANDER WILLIAMS

CC: DISTRICT JUDGE PHILIP M. HALPERN

WILLIAMS V. STATE ET AL., 25-CV-2499 (CS)    Page 1 of 3

## FORMAL SETTLEMENT PROPOSAL OFFER SHEET

| CASES | AWARDED | COURT |
|-------|---------|-------|
| Sanabria v. State<br>29 Misc.3d 988<br><br>Wrongful Imprisonment | $20,000.00 | Court Of Claims |
| Miller v. State<br>46 Misc.3d 1212(a)<br><br>Wrongful Confinement | $35,000.00 | Court Of Claims |
| Sweeney v. Prisoner Lergal<br>Serrvice Of New York et al.<br>197 A.D.2d 189<br><br>Excessive Use Of Force | $35,000.00 | Supreme Court |
| Hygh v. Jacobs<br>961 F.2d 359<br><br>Excessive Use Of Force | $216,000.00 | U.S. Court<br>Of Appeals |
| Baldwin v. City Of New York<br>290 A.D.2d 465<br><br>Excessive Use Of Force | $250,000.00 | Supreme Court |
| Reynolds v. State Of New York<br>118 A.D.3d 1496<br><br>Excessive Use Of Force | $475,000.00 | Supreme Court |
| Ryan v. County Of Nassau<br>2018 WL 354684<br><br>Excessive Use Of Force | $370,000.00 | Eastern Dist.<br>NY Federal Ct |
| Townes v. City Of New York<br>2013 WL 153726<br><br>Deliberate Indifference<br>To Medical Needs | $40,001.00 | Eastern Dist.<br>NY Federal Ct |

| | | |
|---|---|---|
| Bernier v. Koenigsman<br>2017 WL 603217<br><br>Deliberate Indifference<br>To Medical Needs | $12,000.00 | Western Dist<br>NY Federal Ct |
| Blissett v. Coughlin<br>66 F.3d 351<br><br>Deliberate Indifference<br>To Medical Needs | $75,000.00 | U.S. Court<br>Of Appeals |
| Keeseee v. Board of Edu<br>Of City Of New York<br>37 Misc.2d 414<br><br>Prevent To Inetervene/<br>Prevent Harm | $4,000.00 | Supreme Court |
| Ekukpe v. Santiago<br>2020 WL 7027613<br><br>Failure To Intervene/<br>Prevent Harm | $37,500.00 | Southern Dist.<br>NY Federal Ct |
| Urena v. City Of New York<br>1995 WL 133833<br><br>Failure To Intervene/<br>Prevent Harm | $40,000.00 | Southern Dist.<br>NY Federal Ct |
| Small v. City Of New York<br>2022 WL 1261739<br><br>Failure To train | 1.5 Mill | Southern Dist.<br>NY Federal Ct |
| Cotz v. Mastroeni<br>476 F.Supp2d 332<br><br>Failure To Train | $20,000.00 | Southern Dist<br>NY Federal Ct |
| Cabral v. City Of New York<br>2015 WL 4750675<br><br>Failure To Train | $110,000.00 | Southern Dist<br>NY Federal Ct |

| | | |
|---|---|---|
| Dancy v. McGinley et al.,<br>2015 WL 13214324<br><br>Failure To Train | $200,000.00 | Southern Dist.<br>NY Federal Ct |
| Miranda-Ortiz v. Deming<br>2001 WL 604017<br><br>Failure To Supervise | $10,000.00 | Southern Dist.<br>NY Federal Ct |
| Gonzalez v. Lovett Associates<br>252 A.D.2d 355<br><br>Failure To Supervise | $1 mill | Supreme Court |
| Ali v. City Of New York<br>145 A.D.3d 838<br><br>Violation Of Civil Rights | $250,000.00 | Supreme Court |
| Meriwether v. Sherwood<br>514 F.Supp. 433<br><br>Violation Of Civil Rights | $6,500.00 | Southern Dist.<br>NY Federal Ct |
| Robertson v. Sullivan<br>2010 WL 1930658<br><br>Violation Of Civil Rights | $50,000.00 | Eastern Dist.<br>NY Federal Ct |
| Rivera v. LaPorte<br>1990 WL 186842<br>Violation Of Civil Rights | $25,000.00 | Southern Dist.<br>NY Federal Ct |
| Mega Beverage Redemption<br>Center v. City Of Mount Vern.<br>239 A.D.3d 631<br><br>Violation Of Due Process | $2,400,000.00 | Supreme Court |
| Williams v. City Of New York<br>728 F.Supp. 1067<br>Violation Of Due Process | $10,000.00 | Southern Dist.<br>NY Federal Ct |

SHAWANGUNK CORRECTIONAL FACILITY
P.O. BOX 700
WALLKILL, NEW YORK 12589

NAME: ALEXANDER WILLIAMS JR    DIN

FIRST-CLASS MAIL
NEOPOST
10/20/2025
US POSTAGE $001.03⁰
ZIP 12589
041M11285312

ALBANY NY 120
22 OCT 2025 AM 3

CORRECTIONAL FACILITY

RECEIVED
OCT 24 2025
PRO SE OFFICE

PRO-SE INTAKE UNIT CLERK
BAR JUSTICE CENTER
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
500 PEARL STREET
NEW YORK NEW YORK 10007

LEGAL MAIL- CONFIENDTAIL COMMUNICATION