UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

ALEXANDER WILLIAMS JR,

                                    Plaintiff,     PLAINTIFF'S MOTION FOR
                                                   SANCTIONS ON DEFENSE
                                                   COUNSEL OWEN CROWLEY

        -Against -

State of New York Et Al.,                          CIV. NO. 24-CV-4285(PMH)

                              Defendant[s]
----------------------------------X

> Plainitff's "Motion for Sanctions on Defense Counsel Owen Crowley" (Doc. 87) is denied. The Court finds, and Plaintiff provides, no basis for Plaintiff's contentions that defense counsel acted in bad faith or made misrepresentations to the Court. *See, e.g., Grayson v. Combs*, No. 24-CV-09857, 2025 WL 3525049, at *2 (S.D.N.Y. Dec. 9, 2025) ("[T]here are insufficient facts to conclude, with the required high degree of factual specificity, that [counsel], acted in bad faith.").
>
> The Clerk of Court is respectfully requested to terminate the motion pending at Doc. 87.
>
> SO ORDERED.
>
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>        February 2, 2026

Plaintiff [...] yes this Court for the imposition of [...] Crowley pursuant to Federal Rule [...] this Court's inherent authori [...] 8.4).

Defense co [...] ng representations to the Court conc [...] ligations and the property of [...] srepresentations ,aterially influe [...] scovery, and prejudiced Plain [...]

Counsel conduct reflects bad faith and constitutes a violation of the professional rule governing attorneys practicing before this Court.

## STATE OF FACTS:

1.      On December 10, 2024, Plaintiff filed discovery request docketed as ECF No. 29.

2.      Plaintiff later submitted a narrow and clarified discovery request on December 1, 2025, attaching the original discovery request to eliminate ambiguity.

3.      This was in response to serveral letters Plaintiff wrote to the Court expressing that counsel had filed to provide any discovery other than his medical records, to which counsel Owen Crowley specifically argued that he had fullfilled all discovery

1

obligation to which the Court denied the Plaintiffs motion letters regarding this matter.

4.     The Court has since chnaged its position regarding this matter after the Plaintiff's submission dated December 1, 2025.

5.     It is the Plaintiff's contention that in response to the prior letter motion regarding this matter, defense counsel owen Crowley represented to the Court that :

    ;(a) He had fully complied with all discovert obligations; and

    ;(b) Plaintiff's discovery request were improperly made.

6.     These misrepresentations were false and misleading, as relevant discovery materials had not been produced and Plaintiff's clarified request were procedurally proper.

7.     This conduct is not isolated. In a seperate action, WILLIAMS V. STATE ET AL., 25-cv-2499(CS), defense counsel falsley represented that Plaintiff agreed to a partial dismissal of claims-an agreement Plaintiff never agreed to in the degree that counsel potrayed.

## ARGUMENT:
### DEFENSE COUNSEL ACTED IN BAD FAITH AND IS SUBJECT TO SANCTIONS UNDER THE COURT'S INHERENT AUTHORITY

Federal courts posses inherent authority to sanction attorney's who act in bad faith or perpetrate fraud upon the court. CHAMBERS V. NASCO, Inc, 501 U.S. 32, 45-46 (1991).

Knowingly misrepresenting discovery compliance and misleading the Court constitutes bad faith. OLIVERI V. THOMPSON, 803 F.2d 1265, 1273 (2d Cir. 1986).

Defendse counsel's conduct interfered with the judicial process and warrants sanctions.

## ARGUMENT:
### SANCTIONS ARE WARRANTED UNDER 28 U.S.C.§ 1927

Section 1927 authorize sanctions where an attorney "Multiplies the proceedings

unreasonably and vexatiously."

By forcing Plaintiff to repeatedly re-litigate discovery issues caused by counsel's misrepresentations, defense counsel unreasonably prolonged proceedings. See ENMON V. PROSPECT CAPITAL CORP, 675 F.3d 138, 143 (2d Cir. 2012).

ARGUMENT:
DEFENSE COUNSEL VIOLATED RULES 8.1 AND 8.4 OF THE NEW YORK RULES OF PROFESSIONAL CONDUCT

A.      Rules 8.1(a)(1)-(2)

Rule 8.1 prohibits knowingly making false statements of material fact to a tribunal or failing to correct false statements. defense counsel falsley asserted full discovery compliance and failed to correct that assertion.

B.      Rule 8.4.(a)-(e)

Defense counsel's conduct violates Rule 8.4 by:

- (a) Violating the Rules of Profeesional Conduct;
- (b) Engaging in conduct adversely reflecting on fitness as a lawyer;
- (c) Engaging in dishonesty, fraud, deceit, or misrepresentation;
- (d) Engaging in conduct prejudicial to the adminstration of Justice;
- (e) Undermining the integrity of the Judicial process.

Federal Court rountinely sanction attorneys for discovery misrepresentation. RESIDENTIAL FUNDING CORP. V. DEGEORGE FIN. CORP., 306 F.3d 99, 106-07 (2d Cir, 2002)

RELIEF REQUESTED:

Wherefore, Plaintiff respectfully request that this Court:

1.      impose sanctions against defense counsel Owen Crowley, including but not limited to:

* MONETARY SANCTIONS;
* EVIDENTIARY SANCTIONS;
* REFERRAL TO THE SDNY GRIEVANCE COMMITTEE.

2.      Alternatively, issue an Order to Show Cause requring defense counsel to appear and explain why sanction should not be imposed.

3

3.    Grant such other and further relief as the Court deems just and proper.

## CONCLUSION:

Defense counsel's repeated misrepresentations, bad-faith discovery conduct, and violations of professional ethics threaten the integrity of these proceedings. Snactions are neccessary to deter future misconduct and protect the administartion of justice

RESPECTFULLY SUBMITTED

ALEXANDER WILLIAMS JR, PRO-SE
SHAWANGUNK CORRECTIONAL FACILITY
200 QUCIK ROAD
WALLKILL, NEW YORK 12589

4



PURPLE HEART
FOREVER USA

NEOPOST
01/13/2026
US POSTAGE $000

ZIP 12589
041M11285312

ALBANY NY 120
SHAWANGUNK
14 JAN 2026 AM 1 L

CORRECTIONAL FACILITY

SHAWANGUNK CORRECTIONAL FACILITY
P.O. BOX 700
WALLKILL, NEW YORK 12589

NAME: ALEXANDER WILLIAMS JR   DIN: 23-B-3963

PRO-SE INTAKE UNIT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
500 PEARL STREET
NEW YORK NEW YORK 10007

10007-131608

SDNY PRO SE OFFICE
2026 JAN 21  AM 11:26

NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
INCARCERATED INDIVIDUAL CORRESPONDENCE PROGRAM

NAME:_____ DIN:_____

Printed On Recycled Paper