UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXANDER WILLIAMS, JR.,

                        Plaintiff,

            -against-

NEW YORK STATE, et al.,

                        Defendants.

**ORDER**

24-CV-04285 (PMH)

PHILIP M. HALPERN, United States District Judge:

Alexander Williams, Jr. ("Plaintiff"), proceeding *pro se*, commenced this action on May 31, 2024, alleging that Defendants violated his federal constitutional rights. (*See* Doc. 1). On February 6, 2026, a letter from Plaintiff was docketed, requesting that the Court "[c]ompel[] Defendants to produce the requested discovery" and "[a]ppoint pro-bono counsel to assist Plaintiff in prosecuting this matter." (Doc. 91).

Defendants, with respect to Plaintiff's request to compel discovery, indicated that they have either produced or are not in possession, custody, or control of any documents responsive to Plaintiff's fourth, fifth, sixth, seventh, eighth, and thirteenth requests. (Doc. 93). The Court also previously denied as moot Plaintiff's request to compel discovery of essentially these same requests. (*See* Doc. 73). Accordingly, Plaintiff's request to compel discovery is denied as moot with respect to these requests. Defendants object to Plaintiff's first, third, eleventh, twelfth, fourteenth, sixteenth, twenty-second, and thirty-fourth requests, which seek, among other things, broad swaths of documents related to grievances and complaints filed in Sing Sing Correctional Facility over the past three to ten years, as overbroad, unduly burdensome, and not relevant to this case. (Doc. 93). The Court agrees. *See, e.g.*, *Williams v. NYC Bd. of Elections*, No. 23-CV-05460, 2024 WL 3567395, at *3 (S.D.N.Y. July 29, 2024) (declining to compel discovery where the

requests were "both overbroad and duplicative of document requests the Court ha[d] previously ruled on."); *Brown v. Uconn Med. Group*, No. 12-CV-01305, 2014 WL 2804345, at *3 (D. Conn. June 20, 2014) (denying motion to compel discovery of all grievances filed against a defendant as irrelevant). The Court also agrees with Defendants that Plaintiff's second request, which seeks "documents displaying the among of cutting reported occurred in Sing Sing in the last ten years," is too vague to warrant a response from Defendants. *See Shulman v. Becker & Poliakoff, LLP*, No. 17-CV-09330, 2018 WL 4961003, at *6 (S.D.N.Y. Oct. 15, 2018) (denying discovery request as "overly broad and vague"). Accordingly, Plaintiff's request to compel discovery is denied.

Plaintiff also requests that the Court appoint him *pro bono* counsel "as discovery has reached a critical stage and Defendants' objections [to his discovery requests] demostrate [sic] the complexity of the issues involved." (Doc. 91). The Court previously denied two requests that the Court seek to appoint *pro bono* counsel for Plaintiff, as Plaintiff failed to satisfy the factors set forth in *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986). (*See* Docs. 55, 69). The *Hodge* factors, however, still weigh against the appointment of *pro bono* counsel for Plaintiff at this juncture. Plaintiff has not shown (1) that he is unable to investigate the crucial facts or present his case, (2) that cross-examination "will be the major proof presented to the fact finder," (3) that this matter will involve complex legal issues, or (4) why appointment of counsel would be more likely to lead to a just determination herein. *Hodge*, 802 F.2d at 61-62. Plaintiff has still also not demonstrated that his claims are "so complex or unique that a person of Plaintiff's intelligence would be unable to handle them at this stage." *Greenland v. Municipality of Westchester Cnty.*, No. 18-CV-03157, 2020 WL 4505507, at *4 (S.D.N.Y. Aug. 4, 2020) (cleaned up).

## CONCLUSION

For the foregoing reasons, Plaintiff's request to compel discovery is denied. Plaintiff's request for the appointment of *pro bono* counsel is denied without prejudice to renewal later in the case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED:**

Dated:   White Plains, New York
         February 17, 2026

PHILIP M. HALPERN
United States District Judge